1  Thomas E. Moore III, SBN 115107
   HAYNES AND BOONE, LLP
2  525 University Avenue, Suite 300
   Palo Alto, CA 94301
3  Telephone:    (650) 687-8800
   Facsimile:    (650) 687-8801
4  tom.moore@haynesboone.com

5  Alfredo W. Amoedo, SBN 287901
   HAYNES AND BOONE, LLP
6  1 Post Street, Suite 2800
   San Francisco, CA 94104
7  Telephone:    (415) 293-8900
   Facsimile:    (415) 293-8901
8  alfredo.amoedo@haynesboone.com

9  Attorneys for Plaintiff
   Anjou K. Ahlborn

10

11              UNITED STATES DISTRICT COURT

12          FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                 SAN FRANCISCO COURTHOUSE

14

| | |
|---|---|
| 15  ANJOU K. AHLBORN, an individual, | Case No. |
| 16           Plaintiff, | **COMPLAINT FOR BREACH OF CONTRACT** |
| 17  | |
| 18  vs. | **[DEMAND FOR JURY TRIAL]** |
| 19  SEBASTIAAN VAN DE RIJT, an individual, FUSION COURT, INC., a California Corporation, WOUTER VAN DE RIJT, an individual, and JOSEE VAN DE RIJT, an individual, | |
| 20 | |
| 21 | |
| 22           Defendants. | |

23

24

25

26

27

28

Plaintiff Anjou K. Ahlborn, alleges as follows:

**THE PARTIES**

1. Plaintiff Anjou K. Ahlborn ("Plaintiff") is an individual and a resident of the State of Texas.

2. Defendant Sebastiaan Van De Rijt ("Van De Rijt") is an individual and a resident of Belgium.

3. Defendant Fusion Court, Inc. ("Fusion Court") is a California corporation with its principal place of business in San Francisco, California. Van De Rijt is the principal of Fusion Court.

4. Defendants Wouter and Josee Van De Rijt ("Guarantors") were husband and wife at the time of the Guaranty Agreement alleged below and reside in Belgium. Guarantors are the parents of Van De Rijt.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction in this action pursuant to 28 U.S.C. §1332(a)(2), as the matter involves a dispute between parties that are citizens of different states; namely, Plaintiff resides in the State of Texas, Fusion Court has its principal place of business in California and the remaining defendants reside in Belgium. The amount in controversy, exclusive of interests and costs, exceeds $75,000.00.

6. Venue is proper in this District pursuant to 28 U.S.C. §1391(a) because a substantial part of the events or omissions giving rise to this action occurred in this jurisdiction and Fusion Court resides in this jurisdiction. Moreover, the agreements alleged below include a venue provision that specifies this District.

**DIVISIONAL ASSIGNMENT**

7. Venue is proper in this Division because Fusion Court has its principal place of business in San Francisco, and the agreements alleged below specify that any action arising under them must be brought in San Francisco.

**GENERAL ALLEGATIONS**

8. On or about October 14, 2014, Van De Rijt, Fusion Court, and each of them,

agreed to repurchase the Plaintiff's shares in Fusion Court. A copy of the Repurchase Agreement is attached hereto as Exhibit A and is incorporated herein by reference (the "Repurchase Agreement"). Under section 1.b. of the Repurchase Agreement, the purchase price was $368,747. Payment of the purchase price was to be made in 24 monthly payments. The purchase price was to accrue interest until paid in full. Exhibit A to the Repurchase Agreement was a Promissory Note, the terms of which were incorporated into the Repurchase Agreement. Section 7 of the Promissory Note includes an attorneys' fees clause.

9. Contemporaneously with the parties' entry into the Repurchase Agreement, Guarantors entered into a Guaranty Agreement. A copy of the Guaranty Agreement is attached hereto as Exhibit B and is incorporated herein by reference. In pertinent part, the Guarantors guaranteed Van De Rijt's and Fusion Court's payment of all amounts that become due and payable under the Repurchase Agreement.

10. The Repurchase Agreement was amended four times. Those amendments extended the payment terms of the Repurchase Agreement. The final extension is set forth in the Fourth Amendment to Repurchase Agreement, dated August 26, 2019, which is attached hereto as Exhibit C and is incorporated herein by reference. The Exhibit C Fourth Amendment provides that the purchase price would be paid in full by April 15, 2024. Interest accrued at the rate of eleven percent per annum on the unpaid balance.

11. Van De Rijt and Fusion Court did not make the payments specified on or before April 15, 2024. As of the following year and a month, May 15, 2025, there was due and payable the amount of $645,115.17.

**FIRST CAUSE OF ACTION**

**Breach of Contract as Against Van De Rijt and Fusion Court**

12. Plaintiff incorporates herein by reference each and every allegation set forth in paragraphs 1 through 11, above.

13. Plaintiff performed all covenants and conditions required of her under the Exhibit A Repurchase Agreement as amended, except to the extent that any covenants or conditions were discharged or excused.

14. On or about April 30, 2025, Plaintiff caused a notice of default and demand for payment to be made on Van De Rijt and Fusion Court.

15. Van De Rijt and Fusion Court breached the Repurchase Agreement as amended either by failing to pay the amount due on or before April 15, 2024 or by failing to pay after a demand for payment.

16. As a proximate result of said breach, Plaintiff suffered damages in the amount of $645,115.17 as of May 15, 2025. Interest has accrued on that amount and continues to accrue.

17. The Repurchase Agreement and the Promissory Note attached to it include an attorneys' fees clause. Plaintiff has incurred attorneys' fees and will continue to accrue such fees.

## SECOND CAUSE OF ACTION

### Breach of Contract as Against Guarantors

18. Plaintiff incorporates herein by reference each and every allegation set forth in paragraphs 1 through 17, above.

19. Plaintiff performed all covenants and conditions required of her under the Guaranty Agreement, except to the extent that any covenants or conditions were discharged or excused.

20. On or about May 8, 2025, Plaintiff caused a notice of default and demand for payment to be made on Guarantors.

21. Guarantors breached the Guaranty Agreement either by failing to pay the amount when due or by failing to pay after a demand for payment.

22. As a proximate result of said breach, Plaintiff suffered damages in the amount of $645,115.17 as of May 15, 2025. Interest has accrued on that amount and continues to accrue.

23. The Repurchase Agreement and the attached Promissory Note include an attorneys' fees clause. Such fees are recoverable under the Guaranty Agreement as are fees incurred against Guarantors. The Plaintiff has incurred attorneys' fees and will continue to accrue such fees.

///

**PRAYER**

WHEREFORE, Plaintiff prays for judgment against the defendants and each of them as follows:

1. For compensatory damages in the amount of $645,115.17;
2. For interest on said amount from May 15, 2025 until the date of judgment;
3. For reasonable attorneys' fees;
4. For costs of suit; and
5. For such other and further relief as the Court deems just and appropriate.

Date: June 10, 2025                     HAYNES AND BOONE, LLP

By: _____
Thomas E. Moore III
Attorney for Plaintiff
Anjou K. Ahlborn

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Date: June 10, 2025                     HAYNES AND BOONE, LLP

By: _____
Thomas E. Moore III
Attorney for Plaintiff
Anjou K. Ahlborn